UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JACOB BROWN II,<br><br>    Plaintiff,<br><br>v.<br><br>KNOX COUNTY SHERIFF'S<br>OFFICE DETENTION FACILITIES,<br>SERGEANT KIDD,<br>CAPTAIN COX,<br>ALL OF SECURITY,<br>OFFICER NEELEY,<br>MEDICAL AND MENTAL HEALTH<br>STAFF OF THE KNOX COUNTY<br>SHERIFF'S OFFICE DETENTION<br>FACILITIES AND JAILS,<br>PSYCHIATRIST SHARON BURNSIDE,<br>OFFICER D. HENSLEY,<br>SERGEANT KLEMET, and<br>CORPORAL RUTHERFORD,<br><br>    Defendants. | No.: 3:20-CV-529-TAV-DCP |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

## I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he is unable to pay the filing fee for this action. Accordingly, pursuant to 28 U.S.C. § 1915, his motion for leave to proceed in forma pauperis [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. COMPLAINT ALLEGATIONS[1]

State psychiatrists have diagnosed Plaintiff as mentally incompetent, and he takes medications for mental illness [Doc. 1, p. 2].

Plaintiff asserts that Officer Neeley began taunting him by coming to his cell door and calling him a racial slur, causing Plaintiff to fear that Officer Neeley would harm him [*Id*. at 2, 4]. Plaintiff ultimately was disciplined for "fighting" with Officer Neeley [*Id.*]. As a result, even though the Knox County Detention Facility has a mental health pod, Plaintiff is housed in a disciplinary segregation pod, where he is locked in his cell for twenty-three (23) hours a day, which he asserts causes him mental anguish and suffering and is "driving him crazy" [*Id.*].

Plaintiff also contends that Officer Hensley used excessive force while handling Plaintiff and taunted him, and Sergeant Klemet took Plaintiff's blanket, cup, toothbrush, and mat "out of [his] cell for over a month," even though Plaintiff is anemic, which caused Plaintiff to be cold [*Id.* at 4]. Further, Corporal Rutherford used excessive force against Plaintiff at his intake into the jail by slamming him into concrete face first, while Plaintiff's hands were cuffed behind his back, in a manner that popped Plaintiff's Achilles' tendon and caused cuts and bruises over Plaintiff's eye [*Id*.]. Corporal Rutherford then told Plaintiff that these actions were intentional [*Id.*].

---

[1] The complaint indicates that Plaintiff did not draft it but read the completed complaint and agreed with it [Doc. 1, p. 3]. It also appears that Plaintiff signed the complaint, as Rule 11(a) of the Federal Rules of Civil Procedure requires [*Id.* at 4].

Plaintiff has sued the Knox County Sheriff's Office Detention Facilities, Sergeant Kidd, Captain Cox, "All of Security," Officer Neeley, "Medical and Mental Health Staff at the Knox County Sheriff's Office Detention Facilities and Jails," Psychiatrist Sharon Burnside, Officer D. Hensley, Sergeant Klemet, and Cororal. Rutherford [*Id.* at 2]. As relief, he seeks twenty-five million dollars from all Defendants, for mentally ill inmates to be placed in the mental health pod rather than disciplinary segregation, to file a lawsuit against each individual Defendant for two-hundred and fifty thousand dollars each, protection from retaliation from Defendants and other staff, and to have a lawyer appointed [*Id.* at 3, 5].

### B. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

4

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

C.    ANALYSIS

First, the Knox County Sheriff's Office detention facilities, security staff, and mental and medical staff are not suable entities under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence"); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Pope v. Phillips*, No. 3:17-CV-119-CLC-DCP, 2019 WL 1099784, at *2 (E.D. Tenn. Mar. 8, 2019) (holding

5

Case 3:20-cv-00529-TAV-DCP    Document 5    Filed 01/15/21    Page 5 of 9    PageID #: 24

that a prison security team, like a medical department, has no corporate or political presence and is not a "person" subject to suit under § 1983).

Next, as Plaintiff's complaint does not contain any facts from which the Court can plausibly infer that Defendants Sergeant Kidd, Captain. Cox, or Psychiatrist Sharon Burnside was personally involved in any violation of Plaintiff's constitutional rights, the complaint fails to state a claim upon which relief may be granted as to them. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim for relief under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

As to Officer Neeley, Plaintiff alleges that Officer Neeley taunted him by using a racial slur against him, which caused Plaintiff to believe that Officer Neeley was going to harm him, and Plaintiff ultimately was disciplined for fighting Officer Neeley. However, accepting as true Officer Neeley's use of a racial slur, while reprehensible, does not rise to the level of a constitutional violation. *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that "[t]he occasional use of racial slurs, 'although unprofessional and reprehensible, does not rise to the level of constitutional magnitude'") (quoting *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002)).

Moreover, Plaintiff's general allegation that Plaintiff believed that Officer Neeley was going to hurt him does not allow the Court to plausibly infer that this Defendant violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief). Similarly, Plaintiff's general allegations, that Officer Hensley both "used excessive force while hand[]ling [him]" and taunted him, fail to sufficiently allege constitutional violations. *Id.*; *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Further, Plaintiff's allegation that he is housed in a disciplinary pod where he is locked down twenty-three (23) hours a day, which causes him mental distress, likewise fails to allege a constitutional violation, as it does not allow the Court to plausibly infer that he has experienced an extreme deprivation of a basic necessity that exposed him to a grave risk, rather than routine discomfort. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("extreme deprivations are required to make out a conditions-of-confinement claim"); *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x, 339, 345–46 (6th Cir. 2014) (providing that allegations of "frequent lockdowns . . . and loss of certain privileges while in segregation— are insufficient to support an Eighth Amendment claim").

However, the Court will allow Plaintiff's claims that (1) Corporal Rutherford used excessive force against him by slamming him into concrete while he was handcuffed, and

7

(2) Sergeant Klemet took his blanket, cup, toothbrush, and mat out of his cell for a month, to proceed against these Defendants.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Only Plaintiff's Eighth Amendment claims against Defendants Corporal Rutherford and Sergeant Klemet will proceed;

6. All other claims in the complaint are **DISMISSED** for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

7. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Corporal Rutherford and Sergeant Klemet;

8. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

10. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to

8

timely respond to the complaint, any such failure may result in entry of judgment by default against that Defendant; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE